UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WAYNE CARTER,

        Petitioner,        Case No. 2:12-cv-160

v.        Honorable R. Allan Edgar

DUNCAN MACLAREN,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner is incarcerated in the Kinross Correctional Facility. He was convicted in the Kent County Circuit Court of first-degree felony murder and was sentenced on February 2, 1993, to life imprisonment without the possibility of parole. The Michigan Court of Appeals affirmed his conviction on January 26, 1996, and the Michigan Supreme Court denied his application for leave to appeal on October 23, 1996.

Petitioner filed a habeas corpus petition in this Court on or about August 5, 1997, which was dismissed for failure to exhaust his state court remedies. *See Carter v. Abramajtys*, No. 1:97-cv-662 (W.D. Mich.).

On February 10, 2010, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court. The circuit court denied his motion on March 25, 2010. The Michigan Court of Appeals and the Michigan Supreme Court subsequently denied his applications for leave to appeal on June 28, 2011, and January 30, 2012, respectively.

Petitioner now raises the following grounds for habeas corpus relief:

I. DEFENDANT CARTER WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHERE THE PROSECUTOR ELICITED EVIDENCE IN HIS CASE IN CHIEF THAT MR. CARTER REFUSED TO SPEAK TO LAW ENFORCEMENT OFFICERS UNTIL HE WAS REPRESENTED BY COUNSEL.

II. DEFENDANT WAS DENIED DUE PROCESS OF LAW AND HIS RIGHT TO CONFRONTATION WHEN THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO HAVE DETECTIVE GARDNER TO READ THE STATEMENT OF OFFICER RONDOT INTO THE RECORD WITHOUT SHOWING THAT THE WITNESS WAS TRULY UNAVAILABLE.

III. DEFENDANT CARTER WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND THE RIGHT TO PRESENT A DEFENSE BY THE UNEXPLAINED LATE ENDORSEMENT OF RES GESTAE WITNESS STEVEN BUTLER.

    IV.    DEFENDANT CARTER WAS DENIED A FAIR TRIAL WHEN THE PROSECUTOR MADE AN IMPROPER CLOSING ARGUMENT DESIGNED TO APPEAL TO THE JURY'S CIVIC DUTY AND SHIFT THE BURDEN OF PROOF TO THE DEFENDANT. FURTHERMORE, TO EXACERBATE THE PROCEEDING ERRORS THE PROSECUTOR DEMEANED THE ROLE OF DEFENSE COUNSEL TO THE JURY.

    V.    DEFENDANT CARTER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO THE INTRODUCTION OF DEFENDANT'S POST ARREST SILENCE, EMPLOYED BAD TRIAL STRATEGY WHEN FORCING DEFENDANT TO TESTIFY "AGAINST HIS WILL," FAILED TO ASK FOR A CONTINUANCE AND THUS ALLOWED THE VIOLATION OF DEFENDANT'S RIGHT TO CONFRONTATION.

    VI.    DEFENDANT CARTER IS ENTITLED TO A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.

    VII.    DEFENDANT CARTER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE APPELLATE COUNSEL DID NOT RAISE THE ISSUES ON HIS APPEAL THAT WERE BOTH "OBVIOUS AND SIGNIFICANT."

(Br. in Support, i-ii, docket #2, Page ID##64-65.)

    Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

- 3 -

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  According to the petition, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on October 23, 1996.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007);

*Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 21, 1997. Without the benefit of tolling, Petitioner had one year, until January 21, 1998, to file his habeas application.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly-filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or restart the clock; rather, it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired in 1998, his motion for relief from judgment filed in 2010 cannot serve to revive the limitations period.

Petitioner's sixth ground for habeas corpus relief asserting newly discovered evidence implicates § 2244(d)(1)(D), which provides that the limitation period runs from the latest of the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Petitioner makes the following allegations concerning his claim of newly discovered evidence:

> Subsequent to Defendant's conviction and sentence his sister's boyfriend, Peter Dystra [sic], had a chance meeting with Ryan Ostrander. Mr. Dystra [sic] informed Tracey Carter that he was informed by Ryan Ostrander that his Uncle was on the jury in this case and that he constantly discussed the case with Mr. Ostrander during the trial. He further stated that during the trial his Uncle had gone to the crime scene at the Travel Lodge hotel to try and investigate some matters for himself.

(Br. in Support 24, docket #2, Page ID##64-65.)  According to the affidavit of Stacy Carter, Petitioner's sister and Peter Dykstra's former girlfriend, the conversation between Dykstra and Ostrander occurred "shortly after" Petitioner's trial for felony murder.  (Aff. of Stacey Carter, docket #2-1, Page ID#44.)  Petitioner's trial occurred in late 1992 or early 1993, and the information regarding the misconduct of Ostrander's uncle was "discovered" shortly thereafter.  Thus, even if the one-year limitations period for Ground VI began to run upon the discovery of the alleged misconduct by Ostrander's uncle sometime during the 1990s, the statute of limitations has long since expired.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden*, No. 09-3372, slip op. at 5 (6th Cir. Nov. 30, 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, slip op. at 7; *Akrawi*, 572 F.3d at 260.

To the extent Petitioner contends that his claim of newly discovered evidence is grounds for equitable tolling, he cannot succeed because he fails to allege or show that he has been

pursuing his rights diligently. As previously discussed, the alleged new evidence was discovered shortly after Petitioner's trial occurred in late 1992 or early 1993. Petitioner does not provide any explanation whatsoever for the lengthy delay between the discovery of the alleged misconduct by Ostrander's uncle and when Petitioner first raised the issue in his 2010 motion for relief from judgment. Petitioner also fails to allege that any extraordinary circumstance stood in his way. Furthermore, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

NOTICE TO PARTIES: Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED.

R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 13, 2012