UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WAYNE CARTER,

       Petitioner,

v.                                             Case No. 2:12-cv-160
                                             HON. R. ALLAN EDGAR

DUNCAN MACLAREN,

       Respondent.

_____/

## MEMORANDUM  AND  ORDER

       Wayne Carter, a Michigan state prisoner in the custody of the Michigan Department of Corrections, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He is imprisoned at the Kinross Correctional Facility.  The petition incorrectly names Jeff Woods as the respondent. The proper respondent is Duncan MacLaren, Warden of the Kinross Correctional Facility.

       Pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d), the *pro se* habeas petition was referred to Magistrate Judge Timothy P. Greeley for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  On April 13, 2012, Magistrate Judge Greeley submitted his report and recommendation. [Court Doc. No. 3].  It is recommended that the habeas petition be denied and dismissed with prejudice on the ground that it is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1)(A).  It is further recommended that a certificate of appealablity be denied pursuant to 28 U.S.C. § 2253(c)(2) because reasonable jurists could not find it debatable whether the habeas petition is time-barred by the statute of limitation.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

       The Court in its discretion has the authority to *sua sponte* dismiss the habeas petition as time-

barred by the statute of limitation after giving Carter fair notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10 (2006); *Plummer v. Warren*, 2012 WL 516172, * 4 (6th Cir. Feb. 16, 2002); *Bowling v. Haeberline*, 246 Fed. Appx. 303, 305 (6th Cir. 2007). The Magistrate Judge's report and recommendation provides fair notice to Carter that his habeas petition may be dismissed as time-barred by the statute of limitation. Carter is afforded an opportunity to respond and present his arguments via his objections to the report and recommendation.

Carter raises objections to the report and recommendation. [Court Doc. No. 4]. Along with his objections, Carter has filed a "motion for supplemental brief." [Court Doc. No. 5]. Although it is captioned as a motion, the Court construes it as being primarily a supporting brief. To the extent that Carter is moving for permission to file a supplemental brief in support of his objections, his motion [Court Doc. No. 5] is **GRANTED** but with one caveat.

At the end of his "motion for supplemental brief," Carter requests an evidentiary hearing on his habeas claims of constitutional and structural errors that are alleged to have occurred during his Michigan criminal trial. The Clerk of Court has docketed this as a motion for hearing. Carter's motion or request for an evidentiary hearing [Court Doc. No. 5] is **DENIED**. There is no need for an evidentiary hearing because Carter's entire habeas petition is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1)(A).

After reviewing the record *de novo*, the Court concludes that all of Carter's objections [Court Doc. Nos. 4, 5] are without merit. The Court agrees with and adopts the Magistrate Judge's report and recommendation. The habeas petition must be denied and dismissed with prejudice on the ground that it is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1)(A).

I.     **Facts and Procedural History**

This habeas proceeding arises out of the murder of John Gary Davis, the manager of a

Travelodge motel.  On April 25, 1992, Davis died after being stabbed 58 times in his apartment at the motel.  It was determined that $1,400 in cash and a similar amount in checks were missing from the motel safe.  Davis was also found to be missing $500 in cash.

Prior to the murder, Carter worked at the motel as a driver-security person but his employment was terminated for missing three days of work.  Carter was arrested and indicted for the murder of Davis.  The case went to a jury trial in the Circuit Court of Kent County, Michigan.  During the trial, Carter testified that he visited Davis at the motel on the night of the murder.  Carter testified that he left the motel to go to a store to purchase food.  Carter said that when he returned, he found Davis dead.  Carter admitted taking the missing money but denied killing Davis.

On February 2, 1993, the jury returned a verdict of guilty and Carter was convicted on one count of felony murder in violation of M.C.L. § 750.316(B).  On March 18, 1993, the Kent County Circuit Court entered the judgment of conviction and sentenced Carter to life imprisonment without the possibility of parole.

Carter took a direct appeal to the Michigan Court of Appeals.  Carter's appellate counsel argued that the judgment of conviction should be reversed and the case remanded for a new trial.  On January 26, 1996, the Michigan Court of Appeals affirmed the judgment of conviction, dismissed Carter's appeal, and denied the request for a new trial.  On October 23, 1996, the Michigan Supreme Court denied Carter's application for leave to appeal.  This ended Carter's efforts to take a direct appeal from his judgment of conviction.  He did not file a petition for writ of certiorari in the United States Supreme Court.

In August 1997, Carter filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254.  The habeas petition was dismissed because Carter had failed to exhaust his available post-conviction remedies in the Michigan state courts.  *Carter v. Abramajtys*, Case No. 1:97-cv-662,

3

United States District Court for the Western District of Michigan.

On February 10, 2010, Carter made a motion for post-conviction relief in the Kent County Circuit Court pursuant to Michigan Court Rules 6.500 *et seq*. The circuit court denied the motion on March 25, 2010. [Court Doc. No. 2-3]. On June 28, 2011, the Michigan Court of Appeals denied Carter's application for leave to appeal. The Michigan Supreme Court denied Carter's application for leave to appeal on January 30, 2012.

On April 4, 2012, this Court received Carter's instant 28 U.S.C. § 2254 habeas petition. The petition was signed and mailed by Carter on April 2, 2012. Applying the prisoner mailbox rule, the Court deems the habeas petition to have been filed on April 2, 2012. *Houston v. Lack*, 487 U.S. 266, 273 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); Rule 3(d) of Rules Governing Section 2254 Cases in the United States District Courts.

In his habeas petition, Carter pleads the following seven claims or grounds for habeas relief:

1.  Violation of his constitutional right to due process and a fair trial where the prosecutor elicited evidence that Carter exercised his Fifth Amendment right to remain silent and refused give a statement to law enforcement officers after being arrested until he was represented by an attorney.

2.  Violation of his constitutional rights to due process and to confront the prosecution's witness when the trial court committed error by allowing the prosecution to have detective Gardner read the statement of police officer Rondot into the record without showing that officer Rondot was truly unavailable as a witness to testify at trial.

3.  Violation of his constitutional right to due process and the right to present a defense by the "unexplained late endorsement" of *res gestae* witness Steven Butler. It alleged that the prosecution failed to produce witness Steven Butler at the trial which had the

4

effect of depriving Carter of the opportunity to present a defense.

4.    Denial of a fair trial when the prosecutor made an improper closing argument designed to appeal to the jury's civic duty and shift the burden of proof to Carter. To "exacerbate" the errors at trial, the prosecutor demeaned the role of defense counsel to the jury.

5.    Denial of effective assistance of counsel when Carter's trial counsel: (a) failed to object to the introduction of Carter's post-arrest silence into evidence; (b) employed bad trial strategy by forcing Carter to testify against his will; and (c) failed to request a continuance of the trial thereby violating Carter's right of confrontation with regard to the statement of absent witness, police officer Rondot.

6.    He seeks a new trial based on newly discovered evidence of a juror's misconduct.

7.    Denial of effective assistance of counsel when his appellate counsel did not raise issues on appeal that were obvious and significant.

Carter refers to claims 1-6 as "structural" errors or defects in his criminal trial.

## II.    Statute of Limitation, 28 U.S.C. § 2244(d)(1)(A)

The applicable statute of limitation is 28 U.S.C. § 2244(d)(1)(A). It provides that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. Under § 2244(d)(1)(A), the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

The Court calculates the running of the one-year statute of limitation as follows. On October 23, 1996, the Michigan Supreme Court denied Carter's application for leave to pursue his direct appeal. Carter had 90 days from October 23, 1996, within which to file a petition for writ of

5

certiorari in the United States Supreme Court.  Carter did not file a petition for writ of certiorari in the United States Supreme Court.

The 28 U.S.C. § 2244(d)(1)(A) one-year limitation period for Carter to file his habeas petition under 28 U.S.C. § 2254 commenced to run when the 90-day period in which he could have sought direct review in the United States Supreme Court expired. *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  This 90-day period expired on January 21, 1997, at which point Carter's judgment of conviction became final by the conclusion of direct review.  Carter had one year from January 21, 1997, within which to file his habeas petition under 28 U.S.C. § 2254.  The deadline for Carter to timely file his habeas petition was January 21, 1998.  Carter missed this deadline by more than fourteen years.  Carter filed the habeas petition in this Court on April 2, 2012.

The Court takes into consideration that on February 10, 2010, Carter made a motion for post-conviction relief in the Kent County Circuit Court pursuant to Michigan Court Rules 6.500 *et seq*. The motion for post-conviction relief in the Michigan courts does not have any impact on the calculation of the running of the statute of limitation under 28 U.S.C. § 2244(d)(1)(A).  The deadline for Carter to timely file his habeas petition was January 21, 1998, and that deadline expired more than ten years before Carter filed his motion for post-conviction relief in the Kent County Circuit Court on February 10, 2010.

28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  The tolling provision in § 2244(d)(2) does not "revive" the one-year limitation period in § 2244(d)(1)(A) or restart the "clock."  Rather, § 2244(d)(2) can only serve to pause a statute of limitation clock that has

6

not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed by Carter in the Michigan state courts cannot serve to toll or avoid the statute of limitation. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where a motion for post-conviction relief in state court raises a claim of ineffective assistance of appellate counsel, the filing of the motion does not revive the statute of limitations and restart the clock. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

In sum, the deadline for Carter to file his § 2254 habeas petition was January 21, 1998. Because Carter missed the deadline and he filed this habeas petition with this Court on April 2, 2012, the habeas petition is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1)(A).

## III.   Sixth Habeas Claim of Newly Discovered Evidence and 28 U.S.C. § 2244(d)(1)(D)

For his sixth ground for relief in the habeas petition, Carter claims that he is entitled to a new trial based on newly discovered evidence of juror misconduct. As the Magistrate Judge explains in the report and recommendation, the claim of newly discovered evidence may implicate 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the one-year limitation period commences to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Carter contends that shortly after he was sentenced in March 1993, he received information that one of the jurors engaged in misconduct that, if known at the time of the trial, would have resulted in the court declaring a mistrial. [Court Doc. No. 2, pp. 33-34]. Carter makes the following allegations concerning his sixth habeas claim seeking a new trial based on newly discovered evidence. Wayne Carter's sister, Tracy Carter, had a boyfriend named Peter Dykstra. Peter Dykstra

7

had a chance meeting with Ryan Ostrander. Ryan Ostrander told Dykstra that Ostrander's uncle was a juror at Carter's trial. Ryan Ostrander said that his uncle (the juror) constantly discussed Carter's criminal case with Ryan Ostrander during the trial. Moreover, Ryan Ostrander told Dykstra that while the trial was going on, Ostrander's same uncle went to the murder scene at the Travelodge motel to conduct a private investigation as a juror.

This alleged newly discovered evidence of juror misconduct during the trial does not tend to show that Carter is actually (factually) innocent of committing the murder of Davis. The newly discovered evidence does not relate to a claim of actual innocense. Rather, Carter merely argues that he should get a new trial based on the juror's misconduct.

Assuming *arguendo* that these allegations about newly discovered evidence of juror misconduct are accurate, and further assuming *arguendo* that 28 U.S.C. § 2244(d)(1)(D) is applicable to Carter's sixth habeas claim seeking a new trial, the Court concludes that the newly discovered evidence cannot and does not save Carter's sixth habeas claim from being dismissed as time-barred by the one-year statute of limitation.

Carter admits he had knowledge of the newly discovered evidence shortly after his sentencing by the Michigan trial court in March 1993. The newly discovered evidence was known to Carter in 1993. Congress enacted 28 U.S.C. § 2244(d)(1) in 1996. Consequently, the one-year statute of limitation would have expired on Carter's sixth habeas claim many years ago either in 1997 pursuant to 28 U.S.C. § 2244(d)(1)(D), or on January 21, 1998 pursuant to § 2244(d)(1)(A).

## IV.   **Equitable Tolling**

The statute of limitation in 28 U.S.C. § 2244(d)(1) is not jurisdictional and it is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (6th Cir. 2010); *Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624

F.3d 781, 783 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Robertson*, 624 F.3d at 784; *Sherwood*, 579 F.3d at 588; *Cook*, 295 F.3d at 521. Carter bears the burden of showing that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *Robertson*, 624 F.3d at 784; *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. 2005); *Allen*, 366 F.3d at 401; *McClendon*, 329 F.3d at 494.

The Court agrees with the Magistrate Judge's report and recommendation that equitable tolling is not warranted in this case. Carter has not met his burden of showing that he is entitled to equitable tolling of the statute of limitation under either the actual innocence equitable tolling doctrine or traditional equitable tolling principles.

A.     **Doctrine of Actual Innocence Equitable Tolling**

Carter claims there were errors in the Michigan criminal trial. He does not present any new reliable evidence in this 28 U.S.C. § 2254 habeas proceeding to show actual innocence.

The statute of limitation in 28 U.S.C. § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *McSwain v. Davis,* 287 Fed. Appx. 450, 458-59 (6th Cir. 2008); *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431-32 (6th Cir. 2007); *Harvey v. Jones,* 179 Fed. Appx. 294, 297-98 (6th Cir. 2006); *Souter*, 395 F.3d at 589-90. As the Sixth Circuit recently explained in *Patterson v. Lafler*, 2012 WL 48186, * 3 (6th Cir. Jan. 9, 2012), a habeas petitioner may be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his habeas petition due to lack of timeliness the court would cause a fundamental miscarriage of justice.

There is a very stringent standard for establishing a credible claim of actual innocence.

8

Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Patterson*, 2012 WL 48186, at * 3; *Connolly*, 304 Fed. Appx. at 417; *Harvey,* 179 Fed. Appx. at 299; *Souter*, 395 F.3d at 590.  To make out a credible claim of actual innocence, Carter is required to present new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his trial. *Schlup*, 513 U.S. at 324; *Patterson*, 2012 WL 48186, at * 3; *Connolly*, 304 Fed. Appx. at 417; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590.  Without new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow this Court to reach the merits of a habeas claim brought under 28 U.S.C. § 2254 that is time-barred by 28 U.S.C. § 2244(d).  *Schlup*, 513 U.S. at 316; *Connolly*, 304 Fed. Appx. at 417; *Nelloms v. Jackson,* 129 Fed. Appx. 933, 937 (6th Cir. 2005).

Actual innocence equitable tolling is rare and may only be applied in extraordinary cases involving factual innocence.  *Schlup*, 513 U.S. at 321; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590.  Actual innocence is an extremely narrow exception and claims of actual innocence are rarely successful.  *Schlup*, 513 U.S. at 324; *Gibbs v. United States*, 655 F.3d 473, 477 (6th Cir. 2011).

If a habeas petitioner is able to present new reliable, exculpatory evidence to support a credible claim of actual (factual) innocence, the Court must consider all of the old and new evidence, both incriminating and exculpatory evidence, without regard to whether it would necessarily be admissible under the rules of evidence that would govern at a trial but with due regard to any unreliability of it.  Based on the total record of old and new reliable evidence, the Court must

9

determine what an objectively reasonable and properly instructed jury would probably decide at trial. The habeas petitioner's burden at this gateway stage is to demonstrate that, in light of the new reliable evidence and facts, it is more likely than not that no reasonable jury would find him guilty beyond a reasonable doubt. *Bousley,* 523 U.S. at 623; *Schlup*, 513 U.S. at 327; *Connolly*, 304 Fed. Appx. at 417; *Ross v. Berghuis,* 417 Fed. Appx. 552, 556 (6th Cir. 2005); *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590, 598-99.

After reviewing the record, this Court finds that Carter does not have a credible claim of actual innocence. Carter is required to present new reliable evidence and facts that raise sufficient doubt about his guilt to undermine confidence in the outcome of the criminal proceeding in the Michigan state courts. *Schlup*, 513 U.S. at 317; *Souter*, 395 F.3d at 590; *Alexander*, 2007 WL 542010, at * 9. This he has failed to do. Carter is not entitled to equitable tolling because he does not have a credible claim of actual innocence based on any new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was either unknown or unavailable at the time of his trial. Without submitting new reliable evidence obtained after his trial showing that he is factually innocent, equitable tolling is not warranted based on the actual innocence equitable tolling doctrine.

The claims and grounds for relief that Carter pleads in his habeas petition do not amount to a viable claim that he is factually innocent based on new reliable evidence. Carter's claims that he did not have a fair criminal trial that comports with constitutional due process do not fit within the actual innocence equitable tolling doctrine. To the extent that Carter claims there were errors of law in his Michigan criminal proceeding, the actual innocence equitable tolling doctrine does not apply. *Craig v. White,* 227 Fed. Appx. 480, 481 (6th Cir. 2007); *Harvey,* 179 Fed. Appx. 298-99; *Ross,* 417 Fed. Appx. at 555; *Nash v. Woods*, 2012 WL 70571, * 6 (W.D. Mich. Jan. 9, 2012); *Cable v.*

*Woods*, 2010 WL 502722, * 4 (W.D. Mich. Feb. 5, 2010).

> **B.    Traditional Equitable Tolling**

The doctrine of equitable tolling allows federal courts to toll a statute of limitation when a litigant's failure to meet a mandated deadline unavoidably arose from circumstances beyond his control.  *Patterson*, 2012 WL 48186, at * 3; *Robertson*, 624 F.3d at 783; *McSwain*, 287 Fed. Appx. at 456; *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).  Carter bears the burden of showing that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance beyond his control stood in his way which prevented him from filing the habeas petition.  *Holland*, 130 S.Ct. at 2562; *Lawrence*, 549 U.S. at 335-36; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Patterson*, 2012 WL 48186, at * 3; *Hall*, 662 F.3d at 749-50; *Ata*, 662 F.3d at 741; *Robertson*, 624 F.3d at 784.

This Court finds that Carter has not met his burden of showing either of these elements.  Carter fails to show that he has been pursuing his rights diligently and that some extraordinary circumstance beyond his control stood in his way which prevented him from timely filing this habeas petition under 28 U.S.C. § 2254.  With regard to his sixth habeas claim of newly discovered evidence of juror misconduct, Carter had knowledge of the newly discovered evidence in or about March 1993.  Carter failed to pursue his rights diligently concerning his sixth habeas claim since he filed the habeas petition on April 2, 2012, which is approximately 19 years after Carter claims to have obtained knowledge of the newly discovered evidence of juror misconduct.  The delay of 19 years demonstrates a lack of diligence.

Although Carter is a *pro se* prisoner untrained in the law, this does not warrant equitable

tolling.  Ignorance of the law is not a valid reason for equitable tolling, even for imprisoned *pro se* habeas petitioners.  *Allen,* 366 F3d at 403-04; *Craig,* 227 Fed. Appx. at 482; *Harvey,* 179 Fed. Appx. at 299-300; *Jagodka*, 148 Fed. Appx. at 347; *Griffin v. Rogers* , 399 F.3d 626, 637 (6th Cir. 2005); *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003); *Feagin v. Bauman*, 2010 WL 431770, * 2 (W.D. Mich. Feb. 2, 2010).

## V.    Objections to Report and Recommendation

Carter raises the following objections to the Magistrate Judge's report and recommendation. The first objection is that the Magistrate Judge did not consider the "structural and constitutional errors" based on Carter's claim of newly discovered evidence.  Carter contends this is a direct violation of the Court's order referring this habeas petition to the Magistrate Judge for review.  This objection is predicated on the premise that the Magistrate Judge should have gone ahead and made a determination whether Carter's sixth habeas claim seeking a new trial based on newly discovered evidence of alleged juror misconduct has any merit.

The first objection must be denied.  The Magistrate Judge has not violated any order referring this habeas petition for preliminary review.  Because the habeas petition is being dismissed after preliminary review on the ground that it is time-barred by the statute of limitation, it is unnecessary for the Magistrate Judge and the Court to reach the issue whether Carter's sixth habeas claim seeking a new trial based on newly discovered evidence of alleged juror misconduct has any merit.  The Magistrate Judge's report and recommendation correctly discusses and analyzes Carter's sixth habeas claim of newly discovered evidence of juror misconduct in the context of applying the statute of limitation. [Court Doc. No. 3, Report and Recommendation, pp. 5-6].

For his second objection, Carter argues that he has been prejudiced by the Magistrate Judge not granting an evidentiary hearing.  Carter contends that, in anticipation there would be evidentiary

hearing, he did not fully brief the issue of "structural error defect."  The Court notes that Carter has submitted an extensive brief in support of his habeas petition. [Court Doc. No. 2].  In any event, Carter objects to the Magistrate Judge reviewing the habeas petition without requiring respondent MacLaren to file an answer.  Carter objects to the Magistrate Judge's recommendation that the habeas petition be dismissed *sua sponte* on the ground it is time-barred by the statute of limitation without the respondent having made a motion to dismiss.

This second objection is denied.  There is no need for an evidentiary hearing on any of Carter's habeas claims because the entire habeas petition is time-barred by 28 U.S.C. § 2244(d)(1). In the exercise of its discretion, the Court has the authority to *sua sponte* dismiss the habeas petition as time-barred by the statute of limitation after giving Carter fair notice and an opportunity to respond, which has been done.  *Day*, 547 U.S. at 209-10.  The Court may dismiss the habeas petition without waiting for respondent MacLaren to file an answer or a motion to dismiss.  The Magistrate Judge conducted a preliminary review of the habeas petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The Magistrate Judge correctly determined that it is unnecessary for respondent MacLaren to answer the habeas petition and it is unnecessary to hold an evidentiary hearing on any of the claims or grounds for relief asserted in the habeas petition.  Carter's objection and arguments to the contrary are frivolous.

For his third objection, Carter argues that he has been prejudiced by the Magistrate Judge's failure to conduct an evidentiary hearing concerning "structural errors" committed by the Michigan trial court by allowing impeachment testimony to be admitted as substantive evidence.  Carter says that he anticipated being able to call witnesses to testify at an evidentiary hearing on his habeas petition and utilize the transcript of his criminal trial to cite or point out alleged errors committed by the trial judge and the attorneys.  The third objection must be denied.  There will not be an

evidentiary hearing because Carter's habeas petition is time-barred by the statute of limitation.

Carter argues that he is entitled to habeas relief under 28 U.S.C. § 2254 on the theory that structural errors were committed at his trial in violation of Michigan law. Carter relies on various Michigan statutes and provisions of the Michigan Constitution of 1963. This argument fails because Carter cannot obtain any habeas relief under 28 U.S.C. § 2254 based on claims of violations of Michigan law. 28 U.S.C. § 2254(a) provides that the federal courts are authorized to entertain petitions for writs of habeas corpus by a state prisoner only on the ground that the prisoner is in custody in violation of the Constitution or laws of the United States. Any claims for habeas relief by Carter under § 2254 must be predicated solely upon federal law, not Michigan law.

For his fourth objection, Carter contends that he has been prejudiced by the Magistrate Judge in violation of 28 U.S.C. § 2255. This contention fails because 28 U.S.C. § 2255 only applies to federal prisoners. 28 U.S.C. § 2255 does not apply to Carter because he is not a federal prisoner in custody under a sentence of imprisonment imposed by a court of the United States. Carter is a Michigan state prisoner in the custody of MDOC pursuant to the Michigan court's judgment of conviction. Carter's habeas petition is governed by 28 U.S.C. § 2254.

The reason Carter seeks to make his habeas petition fit under 28 U.S.C. § 2255 is so that he can utilize the old case of *McKinney v. United States*, 208 F.2d 844 (C.A.C.D 1953). Relying on *McKinney,* Carter argues that there is no statute of limitation and he may file a petition for writ of habeas corpus in federal district court at any time while he is imprisoned.

The Court rejects this argument as frivolous. *McKinney* is not applicable here because it was superseded when Congress enacted 28 U.S.C. § 2244(d)(1) and 28 U.S.C. § 2255(f) in 1996. When *McKinney* was decided in 1953, there was no time limit or statute of limitation for filing a petition for writ of habeas corpus in federal court. In 1996, Congress established the statute of limitations

14

for habeas petitions brought by state and federal prisoners by enacting 28 U.S.C. § 2244(d)(1) and 28 U.S.C. § 2255(f) as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Day*, 547 U.S. at 202 n. 1; *Cooey v. Strickland*, 479 F.3d 412, 421 (6th Cir. 2007); *Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). With regard to Wayne Carter's habeas petition, the enactment of 28 U.S.C. § 2244(d)(1) in 1996 supercedes *McKinney*. *Maymi v. Phelps*, 2011 WL 6034480, * 2 (D. Del. Dec. 5, 2011); *cf. United States v. Ahmad Bey*, 2011 WL 4916347, * 3 (N.D. Ill. Oct. 17, 2011). Carter cannot avoid and circumvent the application and enforcement of 28 U.S.C. § 2244(d)(1) based on *McKinney*.

**VI.   Conclusion**

Carter's motion for permission to file a "supplemental brief" in support of his objections [Court Doc. No. 5] is **GRANTED**. Carter's motion for an evidentiary hearing [Court Doc. No. 5] is **DENIED**.

All of the objections to the report and recommendation [Doc. Nos. 4, 5] are **DENIED**. The Court **ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The habeas petition brought under 28 U.S.C. § 2254 shall be **DENIED and DISMISSED WITH PREJUDICE** on the ground that it is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1). Equitable tolling of the statute of limitation is not warranted.

If Carter files a notice of appeal to the Sixth Circuit Court of Appeals, it shall be treated as an application for a certificate of appealability which is **DENIED**. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). Reasonable jurists could not find it debatable whether the habeas petition has been properly denied and dismissed with prejudice on the ground that it is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1). *Slack*, 529 U.S. at 484.

For the same reasons that the Court dismisses the habeas petition as time-barred by the statute

of limitation, the Court finds there is no good-faith basis for an appeal from this decision.  The Court

will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) that any appeal from this

decision by petitioner Carter would be frivolous and not taken in good faith.  A separate judgment

will enter.

       SO ORDERED.

       Dated: May 8, 2012.


                         */s/ R. Allan Edgar*
                      R. ALLAN EDGAR
               UNITED STATES DISTRICT JUDGE